**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DAVID JAMES LACK, | ) Case No. CV 17-4913-BRO(AJW) |
| Petitioner, | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION |
| v. | ) WITHOUT PREJUDICE |
| BILL BROWN, SHERIFF, | ) |
| Respondent. | ) |

Petitioner filed this petition for a writ of habeas corpus on July 5, 2017. The petition challenges criminal proceedings in the Santa Barbara Superior Court that have not yet been completed. Although petitioner apparently is currently serving a sentence imposed on the basis of a prior unrelated conviction, he does not challenge that conviction or sentence. Instead, he complains that he has been removed from state prison and placed in the Santa Barbara County Jail in order to face new criminal proceedings in the Santa Barbara County Superior Court. Petitioner alleges that because of that transfer he is unable to seek early parole consideration in relation to the sentence imposed based on the prior criminal conviction. As relief, petitioner seeks an

order returning him to state prison on his own recognizance.[Petition at 2-9]. Whether petitioner seeks dismissal of the pending state criminal prosecution or merely transfer from the jail back to the prison is unclear. In either event, the petition is subject to summary dismissal.[1]

Federal intrusion into petitioner's ongoing state criminal proceedings is precluded by Younger v. Harris, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-765 (9th Cir. 1972) (per curiam). The policy underlying Younger abstention is sufficiently important that federal courts may raise the issue sua sponte. See Hoye v. City of Oakland, 653 F.3d 835, 843 n. 5 (9th Cir. 2011). Although Younger abstention may not be warranted if a prosecution is "undertaken by state officials without hope of obtaining a valid conviction" or if a challenged criminal statute is "flagrantly and patently violative of express constitutional prohibitions", Perez v. Ledesma, 401 U.S. 82, 85 (1971), petitioner has not made such a showing. See, e.g., Brown v. Ahern, 676 F.3d 899, 900 (9th Cir. 2012) (explaining that "absent specifically defined extraordinary circumstances, principles of federalism and comity prohibit a federal district court from entertaining a pre-conviction habeas petition....").

Finally, in the memorandum in support of the petition, petitioner makes

---

[1] Rule 4 of the Rules Governing Section cases requires the court promptly to examine a federal habeas corpus petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."

the following allegation:

> Furthermore, Petitioner is sill in need of multiple surgeries to adequately treat his cancer, which is still years behind and the County jail has no facilities to treat such deep tissue cancer... Early parole is necessary for this petitioner to receive the medical treatment he really needs to battle this cancer outside the prison medical staff.

[Petition, attached page 6]. It is not clear whether petitioner contends that he should be transferred back to prison where adequate medical care is available or that he should be released from all custody in order to obtain necessary medical care. While such a claim may be cognizable in a civil rights action, it is not cognizable in a federal habeas corpus action because it involves only the conditions of confinement. See Nettles v. Grounds, 830 F.3d 922, 927-931, 935 (9th Cir. 2016) (en banc) (when success on a prisoner's claims "would not necessarily lead to his immediate or earlier release from confinement," they do not fall within the "core of habeas corpus," and such claims must be raised in a civil rights action), cert. denied, 137 S.Ct. 645 (2017).[2]

Accordingly, the petition is dismissed without prejudice.

**It is so ordered.**

Dated: August 10, 2017

Beverly Reid O'Connell
United States District Judge

---

[2] Although this Court may, after obtaining informed consent from a prisoner, recharacterize a mislabeled habeas corpus petition as a civil rights action, see Nettles, 830 F.3d at 935-936, the Court declines to do so here. Furthermore, the Court expresses no opinion as to the viability of such an action.

3